IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WISCONSIN ELECTIONS COMMISSION, AND MEAGAN WOLFE, in her Official Capacity as Administrator of the Wisconsin Elections Commission for the State of Wisconsin, and ANN S. JACOBS, MARK L. THOMPSON, CARRIE RIEPL, DON M. MILLIS, ROBERT F. SPINDELL, JR., and MARGE BOSTELMAN, each in their official capacity as Commissioner of the Wisconsin Elections Commission,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 3:25-cv-1036 |

## **COMPLAINT**

### INTRODUCTION

1. Title III of the Civil Rights Act of 1960 ("CRA") imposes a "sweeping" obligation on election officials, *Kennedy v. Lynd*, 306 F.2d 222, 226 (5th Cir. 1962), to "retain and preserve … *all* records and papers which come into [their] possession relating to any application, registration, payment of poll tax, or other act requisite to voting in such election," 52 U.S.C. § 20701 (emphasis added).

1

2. Title III likewise grants the Attorney General the sweeping power to obtain these records: "Any record or paper required by [section 301] to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative…." 52 U.S.C. § 20703. The written demand "shall contain a statement of the basis and the purpose therefor." *Id.*

3. If the custodian to whom the written demand is made refuses to comply, the CRA requires "a special statutory proceeding in which the courts play a limited, albeit vital, role" in assisting the Attorney General's investigative powers. *Lynd*, 306 F.2d at 225. The Attorney General or her representative may request a federal court to issue an order directing the officer of election to produce the demanded records, akin to "a traditional order to show cause, or to produce in aid of an order of an administrative agency." *Id.*

4. In this "summary" proceeding, *In re Gordon*, 218 F. Supp. 826, 826-27 (S.D. Miss. 1963), the Attorney General need only show that she made a "written demand" for records covered by Section 301 of the CRA and that "the person against whom an order for production is sought … has failed or refused to make such papers 'available for inspection, reproduction, and copying,'" *Lynd*, 306 F.2d

at 226 (quoting 52 U.S.C. § 20703). The court does not adjudicate "the factual foundation for, or the sufficiency of, the Attorney General's 'statement of the basis and the purpose' contained in the written demand" or "the scope of the order to produce." *Id.*

## I.   JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 2201(a); and 52 U.S.C. § 20705.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this District, and the Defendants are located in and conduct election administration activities in this District.

## II.   PARTIES

7. Plaintiff is the Attorney General of the United States. The Attorney General has authority to enforce various federal election statutes, including the CRA, *see* 52 U.S.C. § 20703; and Title III of the Help America Vote Act ("HAVA"), 52 U.S.C. § 21111.

8. Defendant, Wisconsin Elections Commission, ("WEC") possesses a number of powers and duties over the administration of elections in Wisconsin. Among them, WEC has general responsibility for administering Wis. Stat. Chs. 5-10 and 12, the power to investigate and prosecute violations of election laws, the

3

duty and power to issue guidance and formal advisory opinions, the charge to conduct voter education programs, and administers HAVA. Wis. Stat. § 5.05 (1), Wis. Stat. § 5.05 (2m), Wis. Stat. § 5.05 (2w), Wis. Stat. § 5.05 (5t), Wis. Stat. § 5.05 (6a), Wis. Stat. § 5.05 (12), Wis. Stat. § 5.061.

9. Defendant Administrator of the WEC, Meagan Wolfe, ("Administrator Wolfe"), is sued in her official capacity as chief state election official, and Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann, are sued in their official capacity as commissioner of the Wisconsin Elections Commission collectively and individually responsible for coordinating Wisconsin's responsibilities under HAVA. *See* 52 U.S.C. § 21111; Wis. Stat. § 5.05. Administrator Wolfe and the Commissioners (collectively "Wolfe, et al.") are sued in their official capacity only.

## BACKGROUND

10. This proceeding arises from the Attorney General's investigation into Wisconsin's compliance with federal election law, particularly HAVA.

11. As discussed below, HAVA requires States to maintain and preserve certain records and papers that fall within the scope of Section 301 of Title III of the CRA.

### The Help America Vote Act

12. HAVA requires all States to maintain and administer "a single, uniform, official, centralized, interactive computerized statewide voter registration list" that

4

contains "the name and registration information of every legally registered voter in the State and assigns a unique identifier to each legally registered voter in the State." 52 U.S.C. § 21083(a)(1)(A).

13. HAVA further establishes "[m]inimum standard[s] for accuracy of State voter registration records," 52 U.S.C. § 21083(a)(4), and prohibits States from processing voter-registration applications without obtaining and verifying certain identifying information from the applicants, namely, a driver's license number for those who possess a valid one, the last four digits of a social security number for those who do not possess a valid drivers' license, and for those who have neither a unique identifier. 52 U.S.C. § 21083(a)(5)(A).

## The Civil Rights Act

14. Congress empowered the Attorney General to request records pursuant to Title III of the CRA, codified at 52 U.S.C. § 20701, *et seq.*

15. Section 301 of the CRA requires state and local officials to retain and preserve records related to voter registration and other acts requisite to voting for any federal office for a period of twenty-two months after any federal general, special or primary election. *See* 52 U.S.C. § 20701, *et seq.*

16. Section 303 of the CRA provides, in pertinent part, "[a]ny record or paper required by Section 20701 of this title to be retained and preserved shall, upon demand in writing by the Attorney General or [her] representative directed to the

person having custody, possession, or control of such record or paper, be made available for inspection, reproduction, and copying at the principal office of such custodian by the Attorney General or [her] representative….." 52 U.S.C. § 20703.

## FACTUAL ALLEGATIONS

17. On June 4, 2025, the Attorney General sent a letter to the Wisconsin Elections Commission stating their obligations under HAVA ("June 4 Letter").

18. The June 4 Letter stated that "the Wisconsin Elections Commission has refused to provide any administrative complaint process or hearing regarding HAVA complaints against the Commission."

19. On June 17, 2025, the Attorney General sent a letter to Administrator Wolfe seeking information regarding Wisconsin's compliance with federal election law. *See* Letter from Attorney General to Administrator Wolfe ("June 17 Letter").

20. The Letter requested, among other things, a copy of Wisconsin's statewide voter registration list ("SVRL"). The June 17 Letter also requested that Wisconsin provide a current electronic copy of its computerized SVRL, containing "all fields," required under Section 303 of HAVA.

21. The Attorney General's June 17 Letter asked Administrator Wolfe to produce the requested information and records by email or regular mail within 20 days.

22. In response, on July 2, 2025, Administrator Wolfe offered the publicly available SVRL and partial responses to the Attorney General's written requests. ("July 2 Letter").

23. On December 2, 2025, the Attorney General sent an email to Administrator Wolfe stating:

> Please consider this email a demand to provide within 7 days:
> - An electronic copy of the full Wisconsin statewide voter registration list
>   - This list is to include, pursuant to the Help America Vote Act, either the last four digits of the social security number, the driver's license number, or both.
>
> This request is for the purpose of ensuring compliance with minimum standards and routine voter registration list maintenance.

(December 2 Email).

24. The December 2 email attached a proposed Memorandum of Understanding (MOU) between the United States and Wisconsin to alleviate any privacy concerns. The MOU stated that the authorities by which this information was requested were the NVRA, HAVA, and the CRA, as well as the Privacy Act of 1974, 5 U.S.C. § 552a. The MOU further stated the purpose of the request was to test, analyze and assess states' SVRLs for proper list maintenance and compliance with federal law.

25. On December 11, 2025, Administrator Wolfe sent a response to the Department of Justice. ("December 11 Letter"). In the December 11 letter, Administrator Wolfe stated: "having reviewed the December 2, 2025, proposed Memorandum of Understanding and related statutes, the Commission concludes that

7

the cited federal authorities do not override Wisconsin's statutory restrictions on the release of elector PII." Administrator Wolfe cited to Wis. Stat. § 6.36(1)(b)1.a. asserting that "[s]tate law requires that Wisconsin's official registration list be open for public inspection but prohibits the Commission from disclosing certain personally identifiable information ("PII")." *Id.* at 1.

## COUNT ONE
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

26. On December 2, 2025, the Attorney General sent a written demand to Administrator Wolfe to produce specific election records pursuant to 52 U.S.C. § 20703.

27. The written demand "contain[ed] a statement of the basis and the purpose therefor." 52 U.S.C. § 20703.

28. On December 11, 2025, Administrator Wolfe refused to provide the records requested.

Wherefore, the United States respectfully requests this Court:

A. Declare that Defendants' refusal to provide the election records upon a demand by the Attorney General violates Title III of the Civil Rights Act as required by 52 U.S.C. § 20703;

B. Order Defendants Wolfe, et al. to provide to the Attorney General the current electronic copy of Wisconsin's computerized statewide voter registration list, with all fields, including each registrant's full name, date of birth, residential address, and either their state driver's license number, the last four digits of their Social Security number, or HAVA unique identifier as required by 52 U.S.C. § 21083 within 5 days of a Court order.

DATED: December 18, 2025

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division


*/s/  Brittany E. Bennett*
BRITTANY E. BENNETT
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 18, 2025, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

/s/ *Brittany E. Bennett*
Brittany E. Bennett
Trial Attorney, Voting Section
Civil Rights Division
U.S. Department of Justice
4 Constitution Square
150 M Street NE, Room 8.141
Washington, D.C. 20002
Telephone: (202) 704-5430
Email: brittany.bennett@usdoj.gov