IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff,<br>         v.<br>WISCONSIN ELECTIONS COMMISSION AND MEAGAN WOLFE, in her Official Capacity as Administrator of the Wisconsin Elections Commission for the State of Wisconsin, Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann, each in their official capacity as Commissioner of the Wisconsin Elections Commission,<br>                    Defendants. | CASE NO: 3:25-cv-01036<br><br>DECLARATION OF ERIC NEFF IN SUPPORT OF THE DEMAND TO COMPEL PRODUCTION OF RECORDS PURSUANT TO 52 U.S.C. § 20701, *et seq*. |

## **DECLARATION**

I, Eric Neff, declare, pursuant to 28 U.S.C. § 1746, that:

1.      I am currently Acting Chief of the Voting Section within the Civil Rights Division of the United States Department of Justice. I am fully and personally familiar with the facts stated herein. I make this declaration in support of the United

1

States's motion to compel production of election records pursuant to the Civil Rights Act codified at 52 U.S.C. § 20701, *et seq*.

2.      The Help America Vote Act ("HAVA"), 52 U.S.C. § 20901, *et seq*., requires each state to perform voter-list maintenance to ensure that only eligible voters remain on the statewide voter registration list. Under Section 401 of HAVA, the Attorney General is charged with the responsibility for enforcement of the list maintenance requirements of both statutes. *See* 52 U.S.C. § 21111. This enforcement responsibility has been delegated to the Civil Rights Division by Congress.

3.      One of the Justice Department's responsibilities is monitoring states' compliance with the requirements of HAVA, including the filing of enforcement actions for noncompliance.

4.      On June 4, 2025, the Attorney General sent a letter to the Wisconsin Elections Commission stating their obligations under HAVA and the Department's concern that "the Wisconsin Elections Commission has refused to provide any administrative complaint process or hearing regarding HAVA complaints against the Commission."

5.      On June 17, 2025, the Civil Rights Division sent a request pursuant to 52 U.S.C. § 20507 to State Administrator, Meagan Wolfe, requesting, *inter alia*, an

electronic copy of Wisconsin's statewide voter registration list ("SVRL"), containing all fields.

6.  On July 2, 2025, Administrator Wolfe did not provide the requested SVRL containing all fields, citing state law perceived to prohibit compliance.

7.  The June 17 Letter informed Administrator Wolfe that the purpose of the demand for these records was to ascertain Wisconsin's compliance with the list maintenance requirements of federal laws, specifically HAVA.

8.  The request specified a deadline for responses of twenty days from the date of the letter.

9.  On July 2, 2025, Administrator Wolfe refused to provide the Attorney General with a copy of Wisconsin's statewide VRL.

10. On December 2, 2025, the Attorney General sent an email to Administrator Wolfe stating:

> Please consider this email a demand to provide within 7 days:
> - An electronic copy of the full Wisconsin statewide voter registration list
>   o This list is to include, pursuant to the Help America Vote Act, either the last four digits of the social security number, the driver's license number, or both.
> 
> This request is for the purpose of ensuring compliance with minimum standards and routine voter registration list maintenance.

11. The December 2 email attached a proposed Memorandum of Understanding (MOU) between the United States and Wisconsin to alleviate any

privacy concerns. The MOU stated that the authorities by which this information was requested were the NVRA, HAVA, and the CRA, as well as the Privacy Act of 1974, 5 U.S.C. § 552a. The MOU further stated the purpose of the request was to test, analyze and assess states' SVRLs for proper list maintenance and compliance with federal law.

12.  On December 11, 2025, Administrator Wolfe sent a response to the Department of Justice. ("December 11 Letter"). In the December 11 letter, Administrator Wolfe stated: "having reviewed the December 2, 2025, proposed Memorandum of Understanding and related statutes, the Commission concludes that the cited federal authorities do not override Wisconsin's statutory restrictions on the release of elector PII." Administrator Wolfe cited to Wis. Stat. § 6.36(1)(b)1.a. asserting that "[s]tate law requires that Wisconsin's official registration list be open for public inspection but prohibits the Commission from disclosing certain personally identifiable information ("PII")." *Id.* at 1. True and correct copies of the Justice Department letter dated June 17, 2025; the reply letter by Administrator Wolfe dated July 2, 2025; the December 2, 2025 Email; the December 11, 2025 Letter from Administrator Wolfe; and the June 4, 2025 letter from the Department are attached to the Memo in support of this Motion. Exhibits 1-4, 6.

13. A true and correct copy of the Order denying a temporary injunction in *Crook v. S.C. Election Comm'n*, No. 2025-CP-40-06539 (Richland Cty. Comm. Pleas Oct. 1, 2025) as cited in the Memorandum of Support is attached hereto as Exhibit 5.

I declare under the penalty of perjury that the above statements are true and correct. Executed on December 18, 2025.

Dated: December 18, 2025, at Washington, DC.


 /s/ Eric Neff
Eric Neff