# Exhibit A

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 3:25-cv-1036 |
| WISCONSIN ELECTIONS COMMISSION, *et al.*, | |
| Defendants. | |

## [PROPOSED] ANSWER TO PLAINTIFF'S COMPLAINT

The Wisconsin Alliance for Retired Americans and Forward Latino ("Proposed Intervenors") hereby answer Plaintiff's Complaint, Dkt. No. 1, as follows:

### INTRODUCTION[1]

1. Paragraph 1 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case law and statute contain the quoted text and speak for themselves. Proposed Intervenors otherwise deny the allegations.

2. Paragraph 2 contains legal contentions, characterizations, conclusions, or opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

---

[1] These headings are included because they appear in the Complaint and are duplicated to assist with comparison between Plaintiff's Complaint and Proposed Intervenors' Answer. They are not factual assertions in and of themselves and accordingly do not require a response. Their reproduction in this Answer should not be understood otherwise, nor should they be understood to make any admission on behalf of Proposed Intervenors.

3. Paragraph 3 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit the cited case law contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

4. Paragraph 4 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited case law contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal contentions, characterizations, conclusions, and opinions to which no response is required.

6. Paragraph 6 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendants are located in the Western District of Wisconsin.

## PARTIES

7. Paragraph 7 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that this case is brought by the United States as a Plaintiff and that the Attorney General has certain enforcement authorities under the CRA and HAVA. Proposed Intervenors deny that those enforcement authorities authorize this action.

8. Paragraph 8 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Wisconsin Elections Commission ("WEC") generally retains duties over the administration of elections in Wisconsin, and that the State of Wisconsin is subject

to certain provisions of federal law, but otherwise deny that WEC has any obligations to produce all of the records at issue in this case.

9.　　Paragraph 9 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that Defendant Meagan Wolfe is the administrator of the WEC, and that Defendants Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann are commissioners of the WEC.

## BACKGROUND

10.　　Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore deny them.

11.　　Paragraph 11 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations.

### The Help America Vote Act

12.　　Paragraph 12 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

13.　　Paragraph 13 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

### The Civil Rights Act

14.　　Paragraph 14 contains legal contentions, characterizations, conclusions, and

opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the CRA grants the Attorney General certain authority to request some records under certain circumstances. Proposed Intervenors deny that authority permits the action here.

15.     Paragraph 15 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the statute cited requires election officials to preserve certain records for a period of twenty-two months. The statute otherwise speaks for itself.

16.     Paragraph 16 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors admit that the cited statute contains the quoted text and speaks for itself. Proposed Intervenors otherwise deny the allegations.

## FACTUAL ALLEGATIONS

17.     Proposed Intervenors admit that the U.S. Department of Justice ("DOJ") sent a letter to WEC on June 4, 2025. That letter appears to be attached as Exhibit 6 to Plaintiff's Motion for Order to Compel Production of Documents. *See* Dkt. No. 3-1 at 33–35. Proposed Intervenors otherwise deny the allegations in Paragraph 17.

18.     Proposed Intervenors admit that the DOJ's June 4, 2025 letter contained the quoted text. Proposed Intervenors otherwise deny the allegations in Paragraph 18.

19.     Proposed Intervenors admit that DOJ sent a letter to Defendant Wolfe on June 17, 2025. That letter appears to be attached as Exhibit 1 to Plaintiff's Motion for Order to Compel Production of Documents. *See* Dkt. No. 3-1 at 1–3. Proposed Intervenors otherwise deny the allegations in Paragraph 19.

20.     Proposed Intervenors admit that the DOJ's June 17, 2025 letter requests

Wisconsin's "current voter registration list," including "both active and inactive voters," but Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of whether the June 17, 2025 letter requested "all fields." Proposed Intervenors deny that Plaintiff is entitled to this information under HAVA or any other law.

21.     Proposed Intervenors admit the allegations in Paragraph 21.

22.     Proposed Intervenors admit that the WEC responded on July 2, 2025, and directed DOJ to the online portal through which voter data is made available. The WEC's response appears to be attached as Exhibit 2 to Plaintiff's Motion for Order to Compel Production of Documents. *See* Dkt. No. 3-1 at 4–9.

23.     Proposed Intervenors admit that the DOJ sent the WEC an email on December 2, 2025, and that the email contained the language reproduced in Paragraph 23. That email appears to be attached as Exhibit 3 to Plaintiff's Motion for Order to Compel Production of Documents. *See* Dkt. No. 3-1 at 10–11.

24.     Proposed Intervenors lack sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 24 and therefore deny them.

25.     Proposed Intervenors admit that the WEC responded to DOJ on December 11, 2025, and that response contains the quoted language and cited statute reproduced in Paragraph 25. The WEC's December 11, 2025 response appears to be attached as Exhibit 4 to Plaintiff's Motion for Order to Compel Production of Documents. *See* Dkt. No. 3-1 at 12–18.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACT OF 1960, 52 U.S.C. § 20703

26.     Proposed Intervenors admit that the DOJ's December 2, 2025 email demanded production of certain election records. Proposed Intervenors deny that the DOJ's request was authorized by 52 U.S.C. § 20703.

27.     Paragraph 27 contains legal contentions, characterizations, conclusions, and opinions to which no response is required. To the extent a response is required, Proposed Intervenors deny the allegations in Paragraph 27.

28.     Proposed Intervenors admit that Defendants have not produced the state's voter registration list in the manner requested by the DOJ, including all of the sensitive, private voter information demanded, but Proposed Intervenors deny that such refusal violates any federal or state law.

Immediately following Paragraph 28, the Complaint contains a request for relief, including sub-paragraphs (A)–(B), demanding declaratory and equitable relief. Proposed Intervenors deny that Plaintiff is entitled to any relief in this action.

## GENERAL DENIAL

Proposed Intervenors deny every allegation in Plaintiff's Complaint that is not expressly admitted herein.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred in whole or in part by equity, including on the basis of laches and unclean hands.

3.     Plaintiff has failed to establish entitlement to declaratory or injunctive relief.

4.     The relief sought by Plaintiff is inconsistent with the U.S. Constitution and federal law.

5.     Plaintiff lacks authority to bring a cause of action.

6.     The relief Plaintiff seeks is prohibited by state law, which  prohibits Defendants from disclosing "the date of birth, operator's license number, or social security account number of an elector" except under circumstances not present here. Wis. Stat. § 6.36(1)(b)1.a.

## PROPOSED INTERVENOR'S PRAYER FOR RELIEF

WHEREFORE, having fully answered Plaintiff's Complaint, Proposed Intervenors pray for judgment as follows:

A.  That the Court dismiss the Complaint;

B.  That judgment be entered in favor of Proposed Intervenors and against Plaintiff on Plaintiff's Complaint and that Plaintiff takes nothing thereby;

C.  That Proposed Intervenors be awarded reasonable attorneys' fees and costs under any applicable statute or equitable doctrine; and

D.  For such other and further relief as the Court deems appropriate.


Dated: December 20, 2025

*Respectfully submitted,*
*/s/ Omeed Alerasool*

Diane M. Welsh
(Wisconsin State Bar No. 1030940)
**PINES BACH LLP**
122 West Washington Ave., Suite 900
Madison, WI 53703
T: (608) 251-0101
F: (608) 251-2883
dwelsh@pinesbach.com

David R. Fox*
Christina Ford*
Omeed Alerasool
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
cford@elias.law
oalerasool@elias.law

*Application for admission forthcoming

*Counsel for Proposed Intervenors*