IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WISCONSIN ELECTIONS COMMISSION, *et al.*,<br><br>　　　　　　　　Defendants. | Civil Action No. 3:25-cv-01036-AMB |

**NOTICE OF PARTIES' POSITIONS AND SUPPLEMENTAL AUTHORITIES
REGARDING THE MOTION TO INTERVENE OF
THE WISCONSIN ALLIANCE FOR RETIRED AMERICANS AND FORWARD LATINO**

On December 20, Proposed Intervenors Wisconsin Alliance for Retired Americans and Forward Latino moved to intervene as Defendants in this litigation to safeguard their members' privacy and voting rights and the organizations' civic engagement programs against the U.S. Department of Justice's ("DOJ") unprecedented effort to obtain sensitive voter information. *See* Dkt. Nos. 7, 11–13. Since that time, counsel for Plaintiff and for Defendants have each confirmed that they take no position on the motion to intervene. Thus, the Motion to Intervene is unopposed.

Additionally, at the time of Proposed Intervenors' motion, five federal courts had already granted similar motions to intervene in parallel lawsuits brought by the DOJ against other states. *See* Dkt. Nos. 7-5 (New Mexico), 7-6 (California), 7-7 (Maine); *see also United States v. Benson*, No. 1:25-cv-01148, 2025 WL 3520406 (W.D. Mich. Dec. 9, 2025) (granting intervention as of right to Michigan Alliance for Retired Americans); *United States v. Oregon*, No. 6:25-cv-01666, 2025 WL 3496571 (D. Or. Dec. 5, 2025) (granting intervention as of right to Oregon social welfare

organization). Since then, five more federal courts have since done the same in just the past two days, including in Hawaii, New Hampshire, Massachusetts, Rhode Island, and Minnesota.

On January 5, 2026, a federal court in Hawaii granted permissive intervention as a defendant to the NAACP California-Hawaii State Conference ("NAACP CA-HI"), which—like Proposed Intervenors here—sought to intervene to protect its members from having their private data disclosed to DOJ. *See* Ex. 1, Minute Order, *United States v. Nago*, No. 1:25-cv-00522-LEK-RT (D. Haw. Jan. 5, 2026), Dkt. No. 20. The court determined that NAACP CA-HI had a "claim or defense that shares with the main action a common question of law or fact," and that allowing the organization to intervene would not "unduly delay or prejudice the adjudication of the original parties' rights." *Id.* (quoting Fed. R. Civ. P. 24(b)(1)(B), (3)). Because the court granted the motion in its discretion under Rule 24(b), it did not analyze whether intervenors would have had a right to intervene. *See id.*

That same day, a federal court in New Hampshire also granted permissive intervention to four individual voters to defend against DOJ's claims. *See* Ex. 2, Order, *United States v. Scanlan*, No. 25-cv-371-AJ (D.N.H. Jan. 5, 2026), Dkt. No. 23. The court recognized that the individuals' "personal information would be distributed to the Department of Justice were the United States to prevail in this action," and concluded that "their presence in this suit will assist the court in the just and equitable adjudication of the matter." *Id.* at 5–6. That court similarly did not reach the intervenors' arguments that they were entitled to intervene under Rule 24(a), in light of its granting of the motion under Rule 24(b). *See id.*

The next day, on January 6, a federal court in Massachusetts granted intervention to the Massachusetts Alliance for Retired Americans, the New England State Area Conference of the NAACP, and an individual voter who sought intervention to protect their members' privacy

interests. *See* Electronic Order, *United States v. Galvin*, No. 25-cv-13816-LTS (D. Mass. Jan. 6, 2026), Dkt. No. 30. The motion in that case—like Proposed Intervenors' motion here—was unopposed. *See id.*

The same day, the federal court in the parallel case in Rhode Island granted intervention as of right to the Rhode Island Alliance for Retired Americans, SEIU District 1199 NE, and two individual voters, as well as to the Common Cause and another two individual voters. *See* Text Order, *United States v. Amore*, No. 25-cv-00639-MSM-PAS (D.R.I. Jan. 6, 2026). The text order acknowledged that the pending motions were unopposed but granted them as of right under Rule 24(a). *See id.*

Finally, and also on January 6, a federal court in Minnesota likewise granted a motion to intervene filed by the Minnesota Alliance for Retired Americans Educational Fund and an individual voter, as well as another motion filed by the League of Women Voters, Common Cause, and two individual voters. *See* Ex. 3, Order, *United States v. Simon*, No. 25-cv-03761-KMM-EMB (D. Minn. Jan. 6, 2026), Dkt. No. 90. The court granted permissive intervention after recognizing the motions were unopposed and concluding that the relevant factors were satisfied. *Id.*

These decisions granting intervention in parallel lawsuits to similar organizations and voters with similar interests as Proposed Intervenors and their members further support Proposed Intervenors' motion, which is not opposed by any of the existing parties.

Dated: January 7, 2026

Diane M. Welsh
(Wisconsin State Bar No. 1030940)
Christa O. Westerberg
(Wisconsin State Bar No. 1040530)
**PINES BACH LLP**
122 West Washington Ave., Suite 900
Madison, WI 53703
T: (608) 251-0101
F: (608) 251-2883
dwelsh@pinesbach.com
cwesterberg@pinesbach.com

*Respectfully submitted,*

*/s/ David R. Fox*
David R. Fox
Christina Ford
Omeed Alerasool
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
cford@elias.law
oalerasool@elias.law

*Counsel for Proposed Intervenors*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

                                            */s/ David R. Fox*
                                            David R. Fox