IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Case No. 3:25-CV-1036

WISCONSIN ELECTIONS
COMMISSION, MEAGAN WOLFE, in
her official capacity as Administrator of
the Wisconsin Elections Commission, and
ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS,
ROBERT F. SPINDELL, JR., and
MARGE BOSTELMANN, in their official
capacities as Commissioners of the
Wisconsin Elections Commission,

    Defendants.

---

### DEFENDANTS' MOTION TO DENY OR STAY PLAINTIFF'S MOTION TO COMPEL

---

Defendants the Wisconsin Elections Commission, Administrator Meagan Wolfe, and Commissioners Ann S. Jacobs, Mark L. Thomsen, Carrie Riepl, Don M. Millis, Robert F. Spindell, Jr., and Marge Bostelmann (together, the Commission) move the Court for an order:

- Summarily denying without prejudice Plaintiff's Motion for Order to Compel the Production of Records Demanded Pursuant to the Civil Rights Act of 1960, (Doc. 2); or, alternatively

- Staying briefing on the merits of the motion until after the Court rules on the Commission's forthcoming motion to dismiss.

In support of this motion, the Commission states as follows:

1. In this case, the U.S. Department of Justice demands that Wisconsin turn over sensitive, private information about the State's more than 3.6 million active registered voters. Depending on the voter, that information may include partial Social Security numbers, driver's license numbers, and address details for confidential electors. As of this filing, US DOJ has brought similar cases against 22 other states and the District of Columbia.[1]

2. On the same day US DOJ filed its complaint, before even requesting issuance of summons, it filed a motion styled a "Motion for Order to Compel the Production of Records Demanded Pursuant to the Civil Rights Act of 1960."

3. In effect, that motion seeks complete relief on the merits. Were this Court to grant the motion, US DOJ would obtain all the private voter information it seeks without any need for further litigation.

4. The Court's January 8, 2026, minute order directed the Commission to respond to US DOJ's motion by January 27, 2026.

---

[1] *United States v. Bellows*, No. 25-cv-468 (D. Me. Sep. 16, 2025); *United States v. Oregon*, No. 25-cv-1666 (D. Or. Sep. 16, 2025); *United States v. Weber*, No. 25-cv-09149 (C.D. Cal. Sep. 25, 2025); *United States v. Bd. of Elections of N.Y.*, No. 25-cv-1338 (N.D.N.Y. Sep. 25, 2025); *United States v. Benson*, No. 25-cv-1148 (W.D. Mich. Sep. 25, 2025); *United States v. Simon*, No. 25-cv-3761 (D. Minn. Sep. 25, 2025); *United States v. Scanlan*, No. 25-cv-371 (D.N.H. Sep. 25, 2025); *United States v. Pennsylvania*, No. 25-cv-1481 (W.D. Pa. Sep. 25, 2025); *United States v. Hanzas*, No. 25-cv-903 (D. Vt. Dec. 1, 2025); *United States v. DeMarinis*, No. 25-cv-03934 (D. Md. Dec. 1, 2025); *United States v. Albence*, No. 25-cv-01453 (D. Del. Dec. 2, 2025); *United States v. Amore*, No. 25-cv-00629 (D.R.I. Dec. 2, 2025); *United States v. Hobbs*, No. 25-cv-6078 (W.D. Wash. Dec. 2, 2025); *United States v. Toulouse Oliver*, No. 25-cv-1193 (D.N.M. Dec. 2, 2025); *United States v. Griswold*, No. 25-cv-3967 (D. Colo. Dec. 11, 2025); *United States v. Nago*, No. 25-cv-00522 (D. Haw. Dec. 12, 2025); *United States v. Galvin*, No. 25-cv-13816 (D. Mass. Dec. 12, 2025); *United States. v. Aguilar*, No. 3:25-cv-0728 (D. Nev Dec. 12, 2025); *United States v. Evans*, No. 25-cv-04403 (D.D.C. Dec. 18, 2025); *United States v. Raffensperger*, No. 25-cv-0548 (M.D. Ga. Dec. 18, 2025); *United States v. Matthews*, No. 3:25-cv-3398 (C.D. Ill. Dec. 19, 2025); *United States v. Thomas*, No. 26-cv-00021 (D. Conn. Jan. 6, 2026); *United States v. Fontes*, No. 2:26-cv-00066 (D. Ariz. Jan. 6, 2026).

5.      The motion is procedurally improper, and any adjudication of the ultimate merits at this early stage of litigation would be premature.

6.      The Court should summarily deny US DOJ's motion, without prejudice to US DOJ's filing a procedurally proper motion for summary judgment at the appropriate juncture, should its case survive the motion to dismiss. At the very least, the Court should stay briefing on the motion until it resolves the Commission's forthcoming Rule 12(b) motion to dismiss.

7.      As the Seventh Circuit has explained, the Federal Rules of Civil Procedure dictate procedures in "all cases filed in federal court, no matter what the basis of subject matter jurisdiction." *Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006); *see also* Fed. R. Civ. P 1; Fed. R. Civ. P. 81.

8.      That includes cases brought under statutes providing for relief "by appropriate process." US DOJ brings suit under 52 U.S.C. § 20705, which provides that the district court "shall have jurisdiction *by appropriate process* to compel the production of" certain records. 52 U.S.C. § 20705 (emphasis added). In *United States v. Powell*, the Supreme Court held that the Federal Rules govern the procedures to be followed when a federal statute provides that a court may grant certain relief "by appropriate process." 379 U.S. 48, 52, 58 n.18 (quoting 26 U.S.C. § 7504(a) & (b)). Under *Powell*, the Federal Rules dictate the procedures for this action.

9.      The motion to compel points to no provision of the Federal Rules that would authorize the extraordinary relief US DOJ seeks.

10.     None does. Rule 37 provides no support because the parties have not yet initiated discovery. Rule 45 does not apply because the motion is not a subpoena and does not comply with the procedural requirements governing subpoenas. And Rule 56 is inapplicable because US DOJ has not begun to comply with procedural or substantive requirements to obtain the extraordinary relief of expedited summary judgment.

11.     Moreover, several provisions of the Federal Rules conflict with US DOJ's request for dispositive relief by pre-service motion.

3

12. Rule 12 entitles the Commission to 21 days from service to join issue, including by filing a motion to dismiss that may moot US DOJ's motion. Rules 26, 30, 33, 34, and 36 generally entitle the Commission to seek and obtain discovery before being subjected to a dispositive ruling. And Rule 56 provides the Commission with procedural safeguards that must be satisfied before summary dispositive relief is granted against it.

13. The Department offers only *Kennedy v. Lynd*, 306 F.2d 222 (5th Cir. 1962), a Fifth Circuit case decided over half a century ago. But *Lynd* is not binding on this Court, and the summary procedure it endorses would conflict with the more recent *Powell* and *Hefferman*, to say nothing of the many Seventh Circuit precedents that mandate compliance with the Federal Rules.

14. For these reasons, the Court should deny or stay US DOJ's motion.

Dated this 15th day of January 2026.

    Respectfully submitted,

    JOSHUA L. KAUL
    Attorney General of Wisconsin

    s/ Samuel T. Ward-Packard
    SAMUEL T. WARD-PACKARD
    Assistant Attorney General
    State Bar #1128890

    CHARLOTTE GIBSON
    Assistant Attorney General
    State Bar #1038845

    Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 266-1765 (CG)
(608) 267-8938 (SWP)
(608) 294-2907 (Fax)
charlotte.gibson@wisdoj.gov
samuel.ward-packard@wisdoj.gov