IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

WISCONSIN ELECTIONS COMMISSION, MEAGAN
WOLFE, ANN S. JACOBS, MARK L. THOMSEN,
CARRIE RIEPL, DON M. MILLIS, ROBERT F.
SPINDELL, JR., and MARGE BOSTELMANN,

          Defendants.

ORDER

25-cv-1036-jdp

---

The government has sued the Wisconsin Elections Commission and each of its members under the Help America Vote Act (HAVA), contending that they violated 52 U.S.C. § 20703 by failing to turn over voter registration records requested by the Attorney General. Several motions are pending. The government has moved to compel the production of the voter registration records. Dkt. 2. Two groups of voters and voter advocacy organizations have moved to intervene. Dkt. Dkt 7 and Dkt. 33.

The court previously set a deadline of January 27 for defendants to respond to the government's motion to compel. Dkt. 32. That motion effectively asks the court to resolve the entire case on the merits, because if granted, the defendants would have to turn over all the voter records the government is seeking. Defendants have asked the court to stay the response deadline or to deny the motion to compel entirely as premature, pointing out that they have not yet had a chance to respond to the complaint or to conduct discovery. Dkt. 43. But defendants don't say what discovery is needed in this case. They also say that they intend to file a Rule 12(b) motion to dismiss, which suggests that they, like the government, believe that this case can be resolved as a matter of law without the need for discovery.

The parties' motions suggest that the case may benefit from a unified briefing schedule to resolve both the government's motion to compel and defendants' forthcoming motion to dismiss. To that end, the court will set this case for a telephone status conference to determine the appropriate schedule. The proposed intervenors should also attend. Defendants' motion to stay briefing on the motion to compel is granted for the time being. The January 27 response deadline is struck; the court will reset briefing deadlines at the status conference.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to set a status conference with the parties and the proposed intervenors to determine the appropriate schedule for briefing the pending and forthcoming motions.

2. Defendants' motion to stay briefing on the motion to compel, Dkt. 43, is GRANTED. The court will reset briefing on the motion to compel at the status conference.

Entered January 16, 2026.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge