UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WISCONSIN ELECTIONS COMMISSION, et al.,<br><br>Defendants. | Civil Case No.: 3:25-cv-1036-jdp<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* FORMER EMPLOYEES OF THE U.S. DEPARTMENT OF JUSTICE** |

*Amici* Former Employees of the U.S. Department of Justice ("Former Employees") respectfully move for leave to file a brief in this matter as *amici curiae*. The proposed brief is attached to this motion. Both the Common Cause Intervenors and the Wisconsin Alliance for Retired Americans Intervenors consent to this motion, Defendants have no objection to this motion, and Plaintiff takes no position.

The Former Employees are all attorneys who worked on voting enforcement in the Civil Rights Division of the U.S. Department of Justice (DOJ), either in DOJ's Voting Section, the Appellate Section of the Civil Rights Division, or as political appointees. The identities of the individual *amici* are listed in Appendix A to the attached brief. Many of them made, reviewed, and approved information requests to States and localities under Title III of the Civil Rights Act of 1960, or have litigated under the Civil Rights Act, the National Voter Registration Act (NVRA), and the Help America Vote Act (HAVA) on behalf of the United States, while at DOJ. *Amici* have a strong interest in ensuring that the disclosure provisions of the NVRA and Title III continue to provide for robust disclosure and investigatory authority, but also that courts properly apply statutory text and precedent to avoid the sorts of abuses evidenced in this case.

The Court should exercise its discretion to allow the Former Employees to participate as *amici*. "Unlike the courts of appeal, there is no rule of procedure that governs motions for leave to file a brief as an amicus curiae in district court," *Doe by & through Doe v. Elkhorn Area Sch. Dist.*, 743 F. Supp. 3d 1053, 1062 (E.D. Wis. 2024), and the decision thus "lies wholly within the discretion of the court," *Clay v. Scibana*, 2004 WL 2110745, at *1 (W.D. Wis. Sept. 20, 2004). Courts may accept an amicus brief, among other circumstances, "when the amicus has a unique perspective, or information, that can assist the court . . . beyond what the parties are able to do." *Dem. Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n.17 (W.D. Wis. 2020). Courts liberally exercise their discretion to grant leave to file amicus briefs. *See, e.g.*, *id.*; *Liebert v. Wis. Elections Comm'n*, 345 F.R.D. 169, 171 (W.D. Wis. 2023) (Peterson, J.) ("The motion to file an amicus brief is unopposed, so the court will grant the motion."); *Laborers Loc. 236, AFL-CIO v. Walker*, 2013 WL 4875995, at *3 (W.D. Wis. Sept. 11, 2013) (granting leave to file amicus briefs where *amici*'s "perspective[s]" on the issues "may be of some assistance to the court"), *aff'd*, 749 F.3d 628 (7th Cir. 2014).

The Court should grant the Former Employees leave to file a brief because their perspective as *amici* will be useful to the Court's consideration of the factual and legal issues in the case, including in deciding Defendants' motions to dismiss. The Former Employees are in a unique position. As attorneys who worked on voting cases at DOJ, the Former Employees retain a great respect for DOJ's legitimate enforcement role and seek to avoid artificial limitations on its statutory authority. Yet at the same time, their former roles as DOJ attorneys on voting cases gave them insight into and an appreciation for the statutory limits that prevent abuses of DOJ's enforcement authority. Given both their subject-matter expertise and their personal experience

1

with the information-disclosure statutes at issue in this case, the Former Employees bring a uniquely helpful perspective.

The Former Employees also add new information relevant to the Court's decision-making. First, they provide details of prior DOJ information requests under Title III, from which the requests made to nearly all States over the past year are a marked departure. Second, they provide information on how any legitimate concerns about instances of illegal registration or voting could be appropriately handled. And third, they provide media stories and public statements from DOJ to help the Court to assess whether DOJ's proffered "purpose" for obtaining States' full, unredacted voter rolls, 52 U.S.C. § 20703, differs from its apparent true purpose.

These additional facts, along with the Former Employees' unique legal perspective, support granting leave to file. *See, e.g.*, *Doe*, 743 F. Supp. 3d at 1062 (granting leave to file amicus brief that "provides legal argument absent from the parties' briefs, and . . . provide[s] perspectives and facts absent from the parties' briefs"). And the Former Employees' brief is unopposed, which further supports allowing its filing. *See Liebert*, 345 F.R.D. at 171. The *amici* Former Employees of the U.S. Department of Justice therefore request leave to file the attached amicus brief.

Dated: February 10, 2026

Respectfully submitted,

/s/ Leah Godesky

Leah Godesky
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10019
(212) 326-2000
lgodesky@omm.com

*Attorney for* Amici Curiae *Former Employees of the U.S. Department of Justice*

2

3

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of February, 2026, I caused to be served a copy of the above document on all counsel of record and parties via the ECF system.

/s/ Leah Godesky

Leah Godesky