## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WISCONSIN ELECTIONS COMMISSION, et al.,<br><br>Defendants. | Civil Case No.: 3:25-cv-1036-JDP |

### UNITED STATES' RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

The United States respectfully submits this response to Intervenor-Defendant Common Cause's Notice of Supplemental Authority, Dkt. 80. In *United States v. Galvin*, No. 25-13816, 2026 WL 972129 (D. Mass. Apr. 9, 2026) (*Galvin*), the District Court ruled that Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20703, requires that the Attorney General's written demand for records must provide a "*factual* basis," not just a legal basis, to support a demand. *Galvin*, at *3 (emphasis added). *Galvin* acknowledged that in *Kennedy v. Lynd*, 306 F.2d 222, the stated basis for the demand was merely that there was "information in the possession of the Attorney General tending to show that" the states were violating the law. *Id*. at 229 n. 6. Nevertheless, *Galvin* ruled that the Attorney General's written demand letters did not provide a factual basis that satisfied *Lynd*. *See Galvin*, at *4. The United States respectfully disagrees with *Galvin*'s overly formalistic interpretation of CRA procedure. Another out-of-circuit district noted in a footnote that a similar pair of demand letters "collectively put [the State] on notice of the basis and purpose of its request, which is sufficient to comply with the CRA." *United States v. Benson*, No. 25-1148, 2026 WL 362789, at *8, fn. 3 (W.D. Mich. Feb. 10, 2026), *appeal docketed* Feb. 27, 2026. If the Court is persuaded by *Galvin's* formalistic approach, the United States requests that the Court provide leave for the United States to send the Defendants a curing elaboration letter

rather than dismiss on the merits to avoid unnecessary delay in resolution of the underlying legal issues.[1]

Dated: April 13, 2026

Respectfully submitted,

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

ROBERT J. KEENAN
Acting Deputy Assistant Attorney General
Civil Rights Division

ERIC V. NEFF
Acting Chief, Voting Section

/s/ Joseph W. Voiland
JAMES T. TUCKER
ALEXANDER D. KEELY
BRITTANY E. BENNETT
JOSEPH W. VOILAND
Civil Rights Division
4 Constitution Square
Washington, D.C. 20002

---

[1] Judge Kari A. Dooley, United States District Judge for the District of Connecticut, suggesting the requisite cure for any alleged deficiency in the written demand, said: "If . . . I find the [written demand] letter does not meet the requisites for a court order, aren't we just back here in six months after a new letter has been sent?" *United States v. Thomas*, No. 3:26-cv-00021-KAD, Tr. of Oral Arg. 85:19-22 (D. Conn. Mar. 19, 2026) (attached as Ex. 1).