IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

       *Plaintiff,*

  v.

WISCONSIN ELECTIONS
COMMISSION, et al.,

  *Defendants*.

3:25-cv-1036-jdp

**NOTICE OF SUPPLEMENTAL AUTHORITY OF INTERVENOR-DEFENDANTS COMMON CAUSE, MELISSA ADAMS, AMANDA MAKULEC, AND JAIME RIEFER**

Intervenor-Defendants Common Cause, Melissa Adams, Amanda Makulec, and Jaime Riefer submit this Notice of Supplemental Authority in support of their Motion to Dismiss, Dkt. 62, and in further opposition to the United States' Motion for Order to Compel, Dkt. 2. This notice concerns a decision in one of the other cases in which the United States Department of Justice ("US DOJ") seeks production of states' full and unredacted voter files pursuant to Title III of the Civil Rights Act of 1960 ("CRA"). On April 28, 2026, the District Court for the District of Arizona issued an opinion and order in *United States v. Fontes*, No. CV-26-66-PHX-SMB, Dkt. 50 (D. Ariz. Apr. 28, 2026), denying the US DOJ's motion to compel and dismissing its complaint seeking production of Arizona's statewide voter registration list. That opinion is attached as Exhibit 1.

*Fontes* first held that "in accord with *United States v. Powell*, . . . the Federal Rules of Civil Procedure appl[y]"—and therefore the US DOJ's Complaint had to survive scrutiny under Rule 12(b). *Id.* at 2. The Complaint did not do so, because

1

it sought records outside the scope of the CRA. *Id.* at 5. *Fontes* reasoned that because a state's voter registration list is not a record that "comes into [the state's] possession," 52 U.S.C. § 20701, it is not subject to the CRA's disclosure obligation. Ex. 1 at 12. The *Fontes* court therefore dismissed the Complaint. *Id.*

*Fontes* joins the growing body of authority that has universally rejected the US DOJ's attempts to compel production of state voter registration lists. Every single court to yet issue a decision in the US DOJ's cookie-cutter lawsuits seeking states' unredacted voter files on near-identical grounds has dismissed these cases. *See id.*; *United States v. Amore*, No. 25-CV-00639-MSM-PAS, 2026 WL 1040637 (D.R.I. Apr. 17, 2026); *United States v. Galvin*, No. 25-13816-LTS, 2026 WL 972129 (D. Mass. Apr. 9, 2026); *United States v. Oregon*, No. 6:25-cv-01666-MTK, 2026 WL 318402 (D. Or. Feb. 5, 2026); *United States v. Weber*, No. 2:25-cv-09149-DOC-ADS, 2026 WL 118807 (C.D. Cal. Jan. 15, 2026); *United States v. Benson*, No. 1:25-cv-01148-HYJ-PJG, 2026 WL 362789 (W.D. Mich. Feb. 10, 2026).

Dated: April 29, 2026

Jonathan Topaz
Theresa J. Lee
Sophia Lin Lakin
American Civil Liberties Union
Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
tlee@aclu.org
slakin@aclu.org

Respectfully submitted,

*/s/ Douglas M. Poland*
Douglas M. Poland, SBN 1055189
Scott B. Thompson, SBN 1098161
Law Forward, Inc.
222 W. Washington Ave., Ste. 680
Madison, WI 53703
dpoland@lawforward.org
sthompson@lawforward.org
608.283.9822

Ryan V. Cox, SBN 1140899
ACLU of Wisconsin Foundation, Inc.
207 East Buffalo Street, Suite 325
Milwaukee, WI 53202
Tel.: (414) 272-4032
Fax: 414-272-0182
rcox@aclu-wi.org

*Attorneys for Intervenor-Defendants*
*Common Cause, Melissa Adams, Amanda*
*Makulec, and Jaime Riefer*

3