IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        *Plaintiff,*

  v.

WISCONSIN ELECTIONS
COMMISSION, et al.,

  *Defendants.*

3:25-cv-1036-jdp

### RESPONSE OF INTERVENOR-DEFENDANTS COMMON CAUSE, MELISSA ADAMS, AMANDA MAKULEC, AND JAIME RIEFER TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Intervenor-Defendants Common Cause, Melissa Adams, Amanda Makulec, and Jaime Riefer submit this response to Plaintiff's May 15, 2026 Notice of Supplemental Authority. *See* Dkt. No. 86. Unable to find an actual court that agrees with them, lawyers from the U.S. Department of Justice cite a non-binding memorandum opinion from other lawyers at the U.S. Department of Justice claiming that the U.S. Department of Justice's legal arguments are correct. Even before the Supreme Court curtailed deference to federal agencies' legal interpretations, *see Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), it recognized that "[i]nterpretations such as those in opinion letters . . . which lack the force of law [] do not warrant *Chevron*-style deference," *Christensen v. Harris Cnty.*, 529 U.S. 576, 587 (2000). This memorandum opinion—which was not written contemporaneously but instead only *after* six federal courts dismissed Plaintiff's cookie-cutter lawsuits seeking states' unredacted voter files—amounts to nothing more than a self-serving and unauthorized surreply for which Plaintiff has not sought or been granted leave

to file. Indeed, the memorandum opinion essentially takes the form of a response brief, for example referring to "counterargument[s] we have seen" and then citing to motions filed by state defendants contesting Plaintiff's demand for their unredacted voter file. Dkt. No. 86-1 at 23 & n.22. The memorandum opinion states that its purpose is to "provide our best view of the law as to the Executive Branch," *id.* at 10 n.12; it is hard to understand how this is different from what Plaintiff's counsel has already done in this case.

The memorandum opinion offers nothing beyond a rehashing of arguments rejected by courts around the country. In arguing that Title III's basis and purpose requirements are not distinct, for example, the memorandum cites law review articles and unrelated judicial opinions, rather than the many courts that have recently and directly addressed this argument and held otherwise. *See id.* at 22–23. This Court can safely ignore this self-serving memorandum written by Plaintiff's counsel's colleagues that raises no new arguments and has no force of law.

Dated: May 18, 2026

Jonathan Topaz
Theresa J. Lee
Sophia Lin Lakin
American Civil Liberties Union
Foundation
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2500
jtopaz@aclu.org
tlee@aclu.org
slakin@aclu.org

Respectfully submitted,

 /s/*Douglas M. Poland*
Douglas M. Poland, SBN 1055189
Scott B. Thompson, SBN 1098161
Law Forward, Inc.
222 W. Washington Ave., Ste. 680
Madison, WI 53703
dpoland@lawforward.org
sthompson@lawforward.org
608.283.9822

Ryan V. Cox, SBN 1140899
ACLU of Wisconsin Foundation, Inc.
207 East Buffalo Street, Suite 325
Milwaukee, WI 53202
Tel.: (414) 272-4032
Fax: 414-272-0182

rcox@aclu-wi.org

*Attorneys for Intervenor-Defendants Common Cause, Melissa Adams, Amanda Makulec, and Jaime Riefer*