IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WISCONSIN ELECTIONS COMMISSION, *et al.*, <br><br> Defendants, <br><br> WISCONSIN ALLIANCE FOR RETIRED AMERICANS, FORWARD LATINO, <br><br> Intervenor-Defendants, <br><br> COMMON CAUSE, *et al.*, <br><br> Intervenor-Defendants. | Civil Action No. 3:25-cv-01036-JDP |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Intervenor-Defendants Wisconsin Alliance for Retired Americans and Forward Latino ("Alliance Intervenors") respectfully submit this response to Plaintiff's notice of supplemental authority regarding an Office of Legal Counsel ("OLC") opinion. *See* Dkt. No. 86; Dkt. No. 86-1.

The OLC opinion adds nothing to DOJ's arguments in this case, and it contradicts some of them. It represents nothing more than DOJ's unsurprising view that DOJ is correct in this litigation. Agency opinion letters are afforded no legal deference, *see Christensen v. Harris County*, 529 U.S. 576, 587–88 (2000), and the OLC opinion is no different. Moreover, the preparation of an OLC opinion on a subject of ongoing litigation was contrary to OLC's own guidelines. *See* Office of Legal Counsel, *Memorandum for Attorneys of the Office Re: Best Practices for OLC Legal Advice and Written Opinions* at 3 (July 16, 2010), https://www.justice.gov/olc/page/file/1511836/dl ("As

a prudential matter, OLC generally avoids opining on questions likely to arise in pending or imminent litigation involving the United States as a party.").[1]

In any event, the substance of the OLC opinion supports many of Defendants' and Intervenor-Defendants' arguments that this case must be dismissed. It confirms that DOJ had no factual basis for its demands of Wisconsin or any other state, as Title III requires, arguing only that DOJ's "basis" was its purpose of investigating NVRA and HAVA compliance. *See* Dkt. No. 86-1 at 21–24. But that is not what the word "basis" means. OLC's bizarre argument that "the basis and the purpose" is a "legal doublet" like "aid and abet" is unsupported by any citation showing such usage anywhere else, nor any explanation for why Congress in 1960 would have coined a new doublet out of a supposed desire to "include[] both the French and Old English words" so that any Old English speakers in 1960s America could understand legal proceedings supposedly "conducted in Norman French." *See* Dkt. No. 86-1 at 23 & n.23.[2]

The OLC opinion also confirms that DOJ's demand did not accurately state "the purpose" of DOJ's request. OLC makes clear, on the very first page, that the demands were made "[i]n response to the President's order to identify those who may be voting illegally." Dkt. No. 86-1 at 1. OLC later confirms that if DOJ finds individuals it believes are non-citizens on the voter list, it "may seek to strike the alien's name from the voter registration list for future elections, refer the alien for prosecution, or both." *Id*. at 5. These purposes of investigating individual voters are

---

[1] This Best Practices memo remains in effect, notwithstanding OLC's choice to involve itself in pending litigation here. *See* https://www.justice.gov/olc/best-practices-olc-legal-advice-and-written-opinions.

[2] "[T]he basis and the purpose" does not fit the legal doublet framework in any event: unlike actual legal doublets like "aid and abet," "basis" and "purpose" are not synonyms and neither term is of Germanic or Old English etymology—they come from Latin and French, respectively—so they could not possibly serve OLC's asserted purpose of such doublets. *See Basis*, Oxford English Dictionary (Dec. 2025); *Purpose (n.)*, Oxford English Dictionary (Mar. 2026).

distinct from evaluating *Wisconsin's* compliance with its own discrete list maintenance obligations under HAVA—the only purpose DOJ has identified in this litigation for seeking Wisconsin's unredacted voter list. *See* Dkt. No. 3 at 8–10; Dkt. No. 3-1 at 2–3, 11; Dkt. No. 71 at 17. And DOJ's letters to Wisconsin seeking information in the first place said nothing of the sort. *See* Dkt. No. 3-1 at 1–3, 10–11, 33–35.

Finally, OLC's analysis confirms that the voter files are outside the scope of Title III, because they are created by state election officials rather than "com[ing] into their possession" from third parties. OLC contends that "[i]f Congress had meant to limit section 303 to materials that a third party has provided state election officers, it had other, more specific words available," such as "receive." Dkt. No. 86-1 at 9. Yet OLC then defines "receive" as "[*t*]*o come into possession of*, get, acquire, or the like, from any source outside of oneself," and to "indicate[] a transfer of possession from one person . . . to another[.]" *Id.* (emphasis added) (quotations omitted). Those definitions buttress the argument that the CRA does not extend to voter lists. *See* Dkt. No. 58 at 29–31.

Dated: May 18, 2026

Respectfully submitted,

/s/ David R. Fox

Diane M. Welsh
(Wisconsin State Bar No. 1030940)
Christa O. Westerberg
(Wisconsin State Bar No. 1040530)
**PINES BACH LLP**
122 West Washington Ave., Suite 900
Madison, WI 53703
T: (608) 251-0101
F: (608) 251-2883
dwelsh@pinesbach.com
cwesterberg@pinesbach.com

David R. Fox
Christina Ford
Omeed Alerasool
**ELIAS LAW GROUP LLP**
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
T: (202) 968-4490
F: (202) 968-4498
dfox@elias.law
cford@elias.law
oalerasool@elias.law

*Counsel for Intervenor-Defendants*
*Wisconsin Alliance for Retired Americans and Forward Latino*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

_/s/ David R. Fox_
David R. Fox